LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FRANCISCO SILVERIO HUERTERO-MORALES,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

|  |  |
|---|---|
| Plaintiff, | Case No.: |
|  | **CLASS AND COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
|  |  |
| RAGUBOY CORP. | Jury Trial Demanded |
| d/b/a SUPPER, |  |
| KITCHEN TABLE, INC. |  |
| d/b/a FRANK, |  |
| JUST AN OVEN CORP. |  |
| d/b/a LIL FRANKIE'S, |  |
| and FRANK PRISINZANO, |  |
|  |  |
| Defendants. |  |

---

Plaintiff, FRANCISCO SILVERIO HUERTERO-MORALES ("Plaintiff"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, hereby files this class and collective action Complaint against Defendants, RAGUBOY CORP., KITCHEN TABLE, INC., JUST AN OVEN CORP. ("Corporate Defendants") and FRANK PRISINZANO ("Individual Defendant") (Corporate Defendants and Individual Defendant are each individually referred to as a "Defendant" and collectively "Defendants") and states as follows:

**INTRODUCTION**

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid compensation due to time shaving, (3) illegally retained tips, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid compensation due to time shaving, (3) statutory penalties, (4) illegally retained tips (5) liquidated damages, (6) statutory penalties and (7) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.   Plaintiff, FRANCISCO SILVERIO HUERTERO-MORALES, is a resident of Queens County, New York.

6.   Corporate Defendants:

      a.   RAGUBOY CORP. is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 156 East Second Street, New York, NY 10009. RAGUBOY CORP. operates a restaurant under the trade name "SUPPER" located at 156 East Second Street, New York, NY 10009.

b. KITCHEN TABLE, INC. is a domestic business corporation organized under the laws of New York with a principal place of business located at 88 Second Avenue, New York, NY 10003 and an address for service of process located at 24 Butterfly Drive, Hauppauge, New York, 11788. KITCHEN TABLE, INC. operates a restaurant under the trade name "FRANK", located at 88 Second Avenue, New York, NY 10003; and

c. JUST AN OVEN CORP. is a domestic business corporation organized under the laws of New York with a principal place of business located at 19 First Avenue, New York, NY 10003 and an address for service of process located at 24 Butterfly Drive, Hauppauge, New York, 11788. JUST AN OVEN CORP. operates a restaurant under the trade name "LIL FRANKIE'S", located at 19 First Avenue, New York, NY 10003.

7. The above-named corporations operate as single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose.

8. Each of the above restaurants is advertised jointly at Defendants' website as a common enterprise located at http://supperrestaurant.com/2015/ At such website, users can make reservations for any of the above named restaurants.

9. The businesses share a single Chief Executive Officer FRANK PRISINZANO. Employees were freely interchangeable, food and other consumable products used in the business were freely interchangeable, and the various business operations are marketed as part of a single entity.

10. FRANK PRISINZANO is a Chief Executive Officer of the Corporate Defendants. FRANK PRISINZANO exercised control over the terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class members. He exercised the power and authority to

(i) fire and hire;

(ii) determine rate and method of pay;

(iii)     determine work schedules and

(iv)     otherwise affect the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

He also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

11.     At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks, and bartenders employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff, FLSA Collective Plaintiffs (i) their minimum wages in the lawful amount for hours worked while failing to satisfy the statutory requirements in order to pay the lower tipped minimum wage, and (ii) illegally retained tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks and bartenders employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) unlawfully paying the lower tipped minimum wage while failing to satisfy statutory requirements to do so legally; (ii) illegally retaining tips, (iii) making Plaintiff and other Class member engage in the non tipped activity for more than 20% of their work time. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to

redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)      Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

      b)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)      At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)      Whether Defendants satisfied all of the statutory requirements in order to take a tip credit, in particular whether they:

    i.   properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

    ii.   subjected the Tipped Subclass to an invalid tip-pooling scheme by which managers illegally retained tips;

    iii.   took proper amount of tip credit allowance under the New York Labor Law with respect to the tipped subclass;

    iv.   maintained daily records of tips earned by the Tipped Subclass; and

    v.   provided notice to members of the Tipped Subclass of the amount of the tip credit allowance claimed to each member of the Tipped Subclass for each pay period.

e)      Whether Defendants failed to properly compensate Plaintiff and Class members for all their hours worked.

## STATEMENT OF FACTS

24.     In or about January 2017, FRANCISCO SILVERIO HUERTERO-MORALES , was hired to work as a busser for "Supper", located at 156 East Second Street, New York, NY 10009. Plaintiff, was discharged on or about March 1, 2017.

25.     During the employment of Plaintiff, FRANCISCO SILVERIO HUERTERO-MORALES, by Defendants, he typically worked 28 hours per week, 7 hours per day, for 4 days a week, but was only paid for 24 hours a week.

26.     Throughout his whole employment, Plaintiff was paid $7.50 per hour for hours he worked.

27.      Plaintiff, FLSA Collective Plaintiffs and Class members worked hours for which they were not paid by Defendants the statutory minimum wage.

28.     Defendants knowingly and willfully operated their business with a policy and practice of refusing to pay Plaintiff, FLSA Collective Plaintiffs and Class Members for their hours worked due to time shaving.

29.      Defendants paid Plaintiff at a base hourly rate below the tip credit minimum wage for food service workers, even assuming a valid tip credit allowance. Other Class members were similarly compensated.

30. During the employment of the Plaintiff at "Supper" managerial staff was in charge of the invalid "tip pooling" scheme where managers would take part of the tips to themselves despite the fact that they were not assisting clients throughout the day. In addition, Plaintiff, FLSA Collective Plaintiffs and other Class members were required to conduct non tipped activity (like cleaning, cutting vegetables or preparing food) for more than 2 hours per shift or 20% of their work time.

31.      Due to actions described above, Defendants were not entitled to pay Plaintiff and Tipped Subclass members the tipped minimum wage. Defendants thus unlawfully failed to pay the Plaintiff and Tipped Subclass members the Federal minimum wage for all hours worked.

32.      For the hours that Defendants pay Plaintiffs, Defendants paid Plaintiff, and the Class members, the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wage. Defendants were not entitled to take any tip credits under the NYLL, because they (i) exceeded the maximum amount of tip credit allowance that could be claimed under the NYLL, (ii) implemented an improper tip pool where managers who did not service customers shared in the tip pool, and (iii) made Plaintiff, FLSA Collective Plaintiffs and Class

members engage in to the non tipped activity for over 20% of their worktime or 2 hours per shift.

33.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.  Particularly, Defendants purposefully misstated Plaintiff and Class members' hours worked and the amount they were paid in their wage statements. Wage statements provided to Plaintiff and other employees did not reflect all hours worked due to a policy of time shaving. They further did not actually reflect the amounts paid to Plaintiff and Class members.

34.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.    Plaintiff realleges and reavers Paragraphs 1 through 34 of this class and collective action Complaint as if fully set forth herein.

36.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38.    At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

39.    At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiff and FLSA Collective Plaintiffs for off the clock work due to a policy of time shaving.

40.    Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

41.    At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

42.    Defendants willfully violated Plaintiff' and FLSA Collective Plaintiffs rights by failing to pay them minimum wages in the lawful amount for hours worked.  Defendants did not satisfy the statutory requirements for paying the tip credit minimum wage for reasons set forth above. This violation was willful in that Defendants knew or should have known that they had not satisfied the statutory requirements for taking tip credits.

43.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked and at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

52.    At all relevant times, the Defendants had a policy and practice of refusing to compensate Plaintiff and Class members for (i) off the clock work due to a policy of time shaving, and (ii) unlawfully retained tips.

53.    Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wages for off the clock hours worked due to

time shaving, unlawfully retained tips, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages pursuant to the New York Labor Law;

f) An award representing disgorgement of tips illegally retained by Defendants;

g) An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h) An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i) Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j) Designation of this action as a class action pursuant to F.R.C.P. 23;

k)  Designation of Plaintiff as Representative of the Class; and

Such other and further relief as this Court deems just and proper.


## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.


Dated:  April 4, 2017


Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*


By: _____    */s/ C.K. Lee*    _____
        C.K. Lee, Esq.(CL 4086)