UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

FRANCISCO SILVERIO HUERTERO-
MORALES, on behalf of himself, FLSA
Collective Plaintiffs and the Class,

Plaintiff,

- against -

RAGUBOY CORP. d/b/a SUPPER,
KITCHEN TABLE, INC. d/b/a FRANK,
JUST AN OVEN CORP. d/b/a LIL
FRANKIE'S, and FRANK PRISINZANO,

Defendants.

-------------------------------------------------------------X

17-cv-02429 (JCF)

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

LEGAL STANDARD...........................................................................................................2

ARGUMENTS ...................................................................................................................5

I.    The Overbroad Employee Group Was Not Subjected To An Unlawful Common Policy Or Practice With Respect To Tip Credits Or Tip Pooling..........................................5

    a.    Plaintiff Admits That He Was Paid Above The Federal Minimum Wage Even Without A Tip Credit...............................................................................................5

    b.    "David" Is A Waiter Who Is Properly In The Supper Tip Pool ...................................6

    c.    An Alleged Tainted Tip Pool At Supper Does Not Justify An FLSA Collective Of All Non-Exempt Employees At 3 Different Restaurants, Most Of Whom Were Not in The Supper Tip Pool ..........................................................................7

II.    Plaintiff Has Not Made Even A Modest Factual Showing Of A Common Policy Or Practice Of Time Shaving Against All Non-Exempt Employees At Three Different Restaurants..........................................................................................................8

    a.    Plaintiff's Motion Is Based Solely On Conclusory Allegations, Claims That Are Proved False By His Own Exhibit, And Two Hearsay Allegations That Have Been Denied By The Alleged Speakers .............................................................8

    b.    Even If Plaintiff Has Shown That He Is Similarly Situated To Some Other Employees At Supper, Plaintiff Has Not Made Even A Modest Factual Showing That The Entire Overbroad Employee Group Is Similarly Situated ...........13

III.    Plaintiff's Proposed Notice ..........................................................................................15

    a.    The Notice Should Only Go Back Three Years..........................................................15

    b.    Defendants' Position Should Be Expanded ................................................................15

    c.    Other Changes To The Notice Language.....................................................................16

IV.    Discovery of Names, Addresses and Telephone Numbers .................................................16

V.    Equitable Tolling ........................................................................................................17

CONCLUSION..................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agudelo v. E & D LLC*,
No. 12 CV 0960, 2012 U.S. Dist. LEXIS 160510 (S.D.N.Y. Nov. 5, 2012).........................16

*Azeez v. Ramaiah*,
2014No. 14 Civ. 5623, 2015 U.S. Dist. LEXIS 46574 (S.D.N.Y. Apr. 9, 2015) ....................5

*Barenboim v. Starbucks Corp.*,
21 N.Y.3d 460 (2013) ...............................................................................................7

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
No. 05-Civ. 6319, 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005).......................12

*Becerra v. IM LLC-I*,
No. 14-cv-2671, 2016 U.S. Dist. LEXIS 21090 (E.D.N.Y. Feb. 20, 2016) .........................4, 8

*Bittencourt v. Ferrara Bakery & Café, Inc.*,
310 F.R.D. 106 (S.D.N.Y. 2015) ................................................................................3, 9

*Callari v. Blackman Plumbing Supply, Inc.*,
988 F. Supp. 2d 261 (E.D.N.Y. 2013) .............................................................................17

*Cortes v. New Creators, Inc.*,
No. 15 Civ. 5680, 2015 U.S. Dist. LEXIS 153730 (S.D.N.Y. Nov. 12, 2015) .....................17

*Cumbie v. Woody Woo, Inc.*,
596 F.3d 577 (9th Cir. 2010) .......................................................................................5

*DeSilva v. N. Shore-Long Island Jewish Health Sys. Inc*,
27 F. Supp. 3d 313, 325 (E.D.N.Y. 2014) ......................................................................8

*Dybach v. State of Fla. Dep't of Corr.*,
942 F.2d 1562 (11th Cir. 1991) ...................................................................................3, 6

*Gu v. T.C. Chikurin, Inc.*,
No. CV 2013-2322, 2014 U.S. Dist. LEXIS 53813 (E.D.N.Y. Apr. 17, 2014)........................4

*Guaman v. 5 "M" Corp.*,
No. 13 Civ. 03820, 2013 U.S. Dist. LEXIS 152379 (S.D.N.Y. Oct. 23, 2013) ....................14

*Hoffman v. Ighodaro*,
Nos. 16 Civ. 0155, 16 Civ. 4380, 2016 U.S. Dist. LEXIS 179909 (S.D.N.Y.
Dec. 29, 2016) (Francis, J.).........................................................................................15

*Ji v. Jling Inc.*,
    No. 15-CV-4194 (JMA) (SIL), 2016 U.S. Dist. LEXIS 66013 (E.D.N.Y. May
    19, 2016) ...................................................................................................................9

*Juarez v. 449 Rest., Inc.*,
    29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) ..............................................................3

*Kew Sing Yap v. Mooncake Foods, Inc.*,
    146 F. Supp. 3d 552, 564-65 (S.D.N.Y. 2015) .....................................................15

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*,
    No. 12 Civ. 265, 2012 U.S. Dist. LEXIS 76660 (S.D.N.Y. June 1, 2012)............16

*Khan v. Airport Mgmt. Servs., LLC*,
    No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011) .......4

*Laroque v. Domino's Pizza, LLC*,
    557 F. Supp. 2d 346 (E.D.N.Y. 2008) ........................................................4, 12, 13

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ...........................................................................15

*McGlone v. Contract Callers, Inc.*,
    867 F. Supp. 2d 438 (S.D.N.Y. 2012)....................................................................17

*Morales v. Plantworks, Inc.*,
    No. 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) ..............3

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010).................................................................................3, 6

*Pollock v. Legends Hospitality, LLC*,
    No. 12 Civ. 8334, 2013 U.S. Dist. LEXIS 106484 (S.D.N.Y. July 25, 2013)........16

*Reyes v. Nidaja*,
    LLC, No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. Aug. 3,
    2015) ........................................................................................................................3

*Sanchez v. El Rancho Sports Bar Corp.*,
    No. 13 Civ. 5119, 2014 U.S. Dist. LEXIS 66234 (S.D.N.Y. May 13, 2014)...................17, 18

*Sanchez v. JMP Ventures, LLC*
    No. 13 Civ. 7264, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014).........3, 9

*Santana v. Fishlegs, LLC*,
    No. 13 Civ. 01628, 2013 U.S. Dist. LEXIS 159530 (S.D.N.Y. Nov. 7, 2013) .......4

iii

*Sharma v. Burberry Ltd.*,
  52 F. Supp. 3d 433, 459-60 (E.D.N.Y. 2014) ...................................................................4, 13

*Trinidad v. Pret A Manger (USA) Ltd.*,
  962 F. Supp. 2d 545 (S.D.N.Y. 2013).................................................................5, 9, 13

*Valerio v. RNC Indus., LLC*,
  314 F.R.D. 61 (E.D.N.Y. 2016) ..........................................................................2, 14

*Vasquez v. Vitamin Shoppe Indus. Inc.*,
  No. 10 Civ. 8820, 2011 U.S. Dist. LEXIS 74376 (S.D.N.Y. July 11, 2011) ......................4, 8

*Viriri v. White Plains Hosp. Med. Ctr.*,
  No. 16-CV-2348 (KMK), 2017 U.S. Dist. LEXIS 88226 (S.D.N.Y. June 8,
  2017) ..........................................................................................................16

*Whorley v. Jonrocman 930, LLC*,
  No. 14-cv-1239, 2015 U.S. Dist. LEXIS 76580 (S.D.N.Y. June 8, 2015) ...........................14

*Zerilli-Edelglass v. N.Y. City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003)..................................................................................18

*Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*,
  No. 13-CV-60, 2013 U.S. Dist. LEXIS 130673 (E.D.N.Y. Sep. 12, 2013)............................9

*Zivali v. AT&T Mobility, LLC*,
  784 F. Supp. 2d 456 (S.D.N.Y. 2011) .....................................................................8

**Statutes**

29 U.S.C. § 206(a)(1)(C) ......................................................................................5

29 U.S.C. § 255.................................................................................................15

29 U.S.C. § 256(b) ..............................................................................................17

## PRELIMINARY STATEMENT

Plaintiff Francisco Huertero-Morales' ("Huertero-Morales" or "Plaintiff") motion for conditional certification under the Fair Labor Standards Act ("FLSA") of a multi-restaurant collective consisting of all non-exempt employees in widely-varying front-of-the-house and back-of-the-house jobs ranging from tipped waiters and bussers to untipped dishwashers and line cooks at three different restaurants, Supper, Frank Restaurant and Lil Frankie's (the "Overbroad Employee Group") should be denied because he has not made even a modest factual showing that the collective he seeks is similarly situated.

Plaintiff worked as a busser at one restaurant, Supper, for only six weeks and then quit in the middle of a shift.  Now, he bases his motion for conditional certification of a collective, including employees across multiple restaurants in different positions, solely on his own self-serving declaration.  Plaintiff claims in conclusory fashion, with virtually no specifics, that he observed that "all employees" were subject to the same wage and hour policies as him.  Of course, such statement is ridiculous on its face given that he only worked at one restaurant for a short period of time.  Moreover the only specifics he provides, alleged hearsay statements by two other bussers at Supper, have been denied in declarations submitted by the alleged speakers.  And he does not provide even a single hearsay statement from anyone working at any restaurant other than Supper.

Plaintiff appears, in part, to base his motion for FLSA certification of the Overbroad Employee Group on an allegation that a person named "David" is a manager and participated in the Supper tip pool.  As shown by numerous declarations, including declarations of customers, David is a waiter.  Moreover, even if a manager improperly participated in the Supper tip pool – which did not happen – that would not be a basis for an FLSA collective of all employees at

Supper (tipped and non-tipped) and all employees at other restaurants who clearly did not participate in the Supper tip pool.  In addition, Plaintiff admits that he was paid more than the Federal minimum wage throughout his employment, so any alleged tainted tip credit does not give rise to an FLSA action as a matter of law.

Plaintiff also attempted to justify certification of the Overbroad Employee Group based on limited, non-specific allegations of time shaving.  But he has failed to establish even a modest factual showing that all employees at three different restaurants are similarly situated with respect to alleged time shaving, which is inherently a highly individualized practice if it occurred at all.   Indeed, Plaintiff submitted only one declaration from himself, consisting of bald conclusory statements and limited hearsay statements that have been refuted by the alleged statement makers.  On the other hand, Defendants have submitted multiple declarations showing that Plaintiff is not similarly-situated to all employees in the Overbroad Employee Group and that there was not a common policy or practice of time shaving.

Therefore, Plaintiff's motion for conditional certification of the Overbroad Employee Group should be denied.  In addition, because conditional certification is unwarranted, the Court should not order or facilitate the sending of an opt-in notice, and the Defendants should not be required to provide names and contact information for the Overbroad Employee Group.  Finally, equitable tolling in this action is not warranted for the reasons explained below.

## LEGAL STANDARD

It is well-settled that Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action.[1]  In the first step, the plaintiff must show that the proposed members of the collective action are "similarly

---

[1] *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 65 (E.D.N.Y. 2016) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 544-45 (2d Cir. 2010) and collecting cases).

situated."[2] The applicable test is whether the plaintiffs have established a sufficient "factual nexus" between their claims and the potential claims of other putative collective action members.[3]

While only a modest factual showing of such a nexus – that the plaintiff and potential opt-in plaintiffs were victims of a common policy or plan that violated the law – is required for conditional certification, "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'"[4]   Conclusory allegations are insufficient.[5]   A plaintiff must provide some specifics. Motions for conditional certification have been denied where the only substantive allegations were nonspecific personal observations and conversations.[6]   Indeed, in *Sanchez v. JMP Ventures, LLC*[7], a judge in this district rejected conditional certification where the plaintiff sought to establish a common practice of underpayment based on observations and conversations with other employees but did not provide "any detail as to a single such observation or conversation."[8]

---

[2] *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106, 111-12 (S.D.N.Y. 2015); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) (internal quotations and citations omitted) (holding that there must be an "identifiable factual nexus which binds [plaintiff] and potential class members together as victims of a particular practice").

[3] *Id.*

[4] *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).

[5] *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267, at *2-3 (S.D.N.Y. Feb. 2, 2006) (internal quotation and citation omitted).

[6] *See, e.g.*, *Reyes v. Nidaja*, LLC, No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728, at *5 (S.D.N.Y. Aug. 3, 2015).

[7] No. 13 Civ. 7264, 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014).

[8] Plaintiff asks this court to ignore the well-settled process and standards for conditional certification based on a lone Colorado district court case.  Because the Second Circuit has determined the process for conditional certification in this circuit, and because all courts in this circuit that have addressed conditional certification have followed this process, the court should reject Plaintiff's request to ignore binding precedent.

Common ownership and integrated functions across multiple restaurants are not, by themselves, sufficient to establish a collective of widely-varying positions, in both the front of the house and the back of the house, across multiple restaurants.[9]  For example, in *Santana*,[10] the court held, "Although the proffered exhibits tend to show common ownership among and integrated functions across all seven restaurants, they do not by themselves suggest any misconduct."  In a multi-location restaurant situation, Plaintiff bears the burden of establishing that there was a common policy or plan linking all of the employees across multiple restaurants, and that showing must be made based on personal knowledge, declarations, deposition testimony and non-conclusory allegations.[11]

---

[9] *See Santana v. Fishlegs, LLC*, No. 13 Civ. 01628, 2013 U.S. Dist. LEXIS 159530, at *12-13 (S.D.N.Y. Nov. 7, 2013); *Becerra v. IM LLC-I,* No. 14-cv-2671, 2016 U.S. Dist. LEXIS 21090, at *10 (E.D.N.Y. Feb. 20, 2016) (collecting cases holding that common ownership and operations is insufficient to infer a common illegal wage policy).

[10] 2013 U.S. Dist. LEXIS 159530, at *12 (S.D.N.Y. Nov. 7, 2013).

[11] *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 433, 459-60 (E.D.N.Y. 2014); *Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322, 2014 U.S. Dist. LEXIS 53813, at * 4 (E.D.N.Y. Apr. 17, 2014); *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 Civ. 8820, 2011 U.S. Dist. LEXIS 74376, at *9 (S.D.N.Y. July 11, 2011)  ("As Plaintiff proposes a nationwide class, he bears the burden of showing a nationwide policy or plan . . . . Plaintiff has not met his burden. His submission, which is based entirely on his personal experience, is devoid of any evidence from which this Court could infer that all [employees], across 40 states, are misclassified."); *Khan v. Airport Mgmt. Servs., LLC*, No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134, at *13 (S.D.N.Y. Nov. 16, 2011) (noting that plaintiff "claims to have personal knowledge that 'defendants hired at least 40 . . . similar [employees],' but he does not identify these 40 workers by name or specify the source for this claim"); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 356 (E.D.N.Y. 2008) ("Although plaintiffs' burden at this stage of the proceedings is modest, the court cannot justify certifying a class of plaintiffs, likely numbering in the hundreds, on the basis of such thin factual support.").

## ARGUMENTS

### I.    The Overbroad Employee Group Was Not Subjected To An Unlawful Common Policy Or Practice With Respect To Tip Credits Or Tip Pooling

#### a.    Plaintiff Admits That He Was Paid Above The Federal Minimum Wage Even Without A Tip Credit

Plaintiff's first alleged basis for establishing a common practice or policy among the Overbroad Employee Group is that Defendants' had a policy of failing to pay the statutory minimum wage.[12]  The Federal minimum wage during the entirety of Plaintiff's employment at Supper was $7.25.[13]   And Plaintiff specifically admits that he and other non-managerial employees were paid $7.50 per hour for all hours worked![14]  Plaintiff claims that the $7.50 per hour paid was less than the state minimum wage rate, if Supper was not permitted to take a state tip credit, but that allegation is irrelevant to a motion for a collective action under Federal law.

Also irrelevant is the erroneous allegation that "Defendants illegally retained tips of Plaintiff" because "David" was allegedly a participant in the tip pool when neither waiting tables nor assisting customers.  In addition to being completely false, "[t]here is no federal cause of action for unlawful retention of tips."[15]   "[An] employer's failure to abide by the requirements the FLSA sets for tip-pooling violates the FLSA only if, without the tip credit, the employee's compensation would fall short of the minimum wage."[16] Plaintiff admits that he and everyone

---

[12] Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification ("P's Mem") at § III.A.
[13] 29 U.S.C. § 206(a)(1)(C).
[14] Morales Decl. ¶ 8.
[15] *Azeez v. Ramaiah*, 2014No. 14 Civ. 5623, 2015 U.S. Dist. LEXIS 46574, at *19 (S.D.N.Y. Apr. 9, 2015).
[16] *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 560 (S.D.N.Y. 2013) (declining to conditionally certify an FLSA class based on tip-pooling claims where the participants in the tip pool were paid at a rate above the Federal minimum wage); *see also Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 579 (9th Cir. 2010) (affirming dismissal of FLSA minimum wage claim based on alleged tainted tip pool where plaintiff received more than the Federal minimum wage in cash wages).

else he seeks to represent were paid in excess of the Federal minimum wage, with or without a tip credit, and therefore an allegedly tainted tip pool cannot be the basis for conditional certification of a collective of the Overbroad Employee Group.

### b. "David" Is A Waiter Who Is Properly In The Supper Tip Pool

Although a court generally will not resolve factual disputes at the conditional certification stage, "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'"[17] Plaintiff alleges, in conclusory fashion and with no support, only that David is "a managerial employee" who "never waits tables during regular hours and never assists waiters and bussers with private events" and "supervised [his] work as a busser at Supper."[18]  But he provides no examples of what David does that makes him a manager or how he supervised Plaintiff's work. Nor does he provide corroboration from any other employee at Supper.  In addition, Plaintiff does not – and cannot – state that he is aware of what David does at all times, and therefore he cannot reasonably state that David "did not assist customers throughout the day."[19]  In fact, Plaintiff admits that he only worked approximately 28 hours per week, and therefore he could not possibly be aware of what David did most of the time and cannot truthfully state that David "never" waits tables.[20]

On the other hand, Supper has submitted declarations from eight Supper employees[21], David Garcia himself, Oli Balasa (the actual manager at Supper) and, perhaps most importantly,

---

[17] *Myers*, 624 F.3d at 555 (quoting *Dybach,* 942 F.2d at 1567).
[18] Morales Decl. ¶¶ 11-12.
[19] *Id*. at ¶ 11.
[20] *Id*. at ¶ 4;
[21] Declaration by Porfiro Emicente ("Emicente Decl.") at ¶ 5; Declaration by Hilario Zamora ("Zamora Decl.") at ¶ 8; Declaration by Miguel Areno ("Areno Decl.") at ¶ 6; Declaration by Syed Ali ("Ali Decl.") at ¶ 5; Declaration by Carolina De Olivera ("De Olivera Decl.") at ¶ 4; Declaration by Emmanuelle Munoz ("Munoz Decl.") at ¶ 7; Declaration by David Garcia ("Garcia Decl.") at ¶¶ 2 & 3; Declaration by Oli Balasa ("Balasa Decl.") at ¶ 3.

several Supper customers, all stating that David waits tables and assists customers.[22]   At best,

Plaintiff has implied that David has some managerial duties, but his primary duty is clearly being

a waiter and he has no meaningful authority or control over other waiters or bussers.[23]   Under

applicable New York law, he therefore is permitted to participate in the tip pool, and the Supper

tip pool cannot be the basis for certifying the Overbroad Employee Group as an FLSA

collective.[24]

### c. An Alleged Tainted Tip Pool At Supper Does Not Justify An FLSA Collective Of All Non-Exempt Employees At 3 Different Restaurants, Most Of Whom Were Not in The Supper Tip Pool

Even if Plaintiff could make a modest factual showing of a tainted tip pool at Supper

causing Supper to lose the tip credit, and even if Plaintiff could then establish that due to the lost

tip credit, employees in the Supper tip pool made less than Federal minimum wage – none of

which he can do – such showing would still not justify conditional certification of the Overbroad

Employee Group.  At best, such a showing – which Plaintiff has not made – would establish that

Plaintiff was similarly-situated to the other employees in the Supper tip pool.  Plaintiff has made

no statement or showing at all about any tip pool at any other restaurant, and he has made no

showing of how a "tainted" tip pool would establish a factual nexus between him and other back-

---

[22] Declaration by Jessica Russo ("Russo Decl.") at ¶ 1; Declaration by Allison Supron ("Supron Decl.") at ¶ 1; Declaration by Camilo Ceballos ("Ceballos Decl.") at ¶ 1; Declaration by Jacquelyn Friel ("Friel Decl.") at ¶ 1; Declaration by James Friel ("J. Friel Decl.") at ¶ 1; Declaration by Karim Sabbagh ("Sabbagh Decl.") at ¶ 1; Declaration by Kathryn Rice ("Rice Decl.") at ¶ 1; Declaration by Marie Delage ("Delage Decl.") at ¶ 1; Declaration by Peter Ferraro ("Ferraro Decl.") at ¶ 1; Declaration by Sami Ben Mariem ("Mariem Decl.") at ¶ 1; Declaration by (Sophia Lauricella ("Lauricella Decl.") at ¶ 1.
[23] Balasa Decl. at ¶ 2; Garcia Decl. at ¶ 6; Ali Decl. at ¶ 5; Balassa at ¶ 4.
[24] *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473 (2013) (holding that an employee whose personal service to customers is a principal or regular part of his duties may participate in an employer-mandated tip pool under NY law, even if that employee possesses limited supervisory responsibilities).

of-the-house employees at Supper who did not participate in the tip pool.  Therefore, the motion

to conditionally certify a collective of the Overbroad Employee Group should be denied.[25]

II.   **Plaintiff Has Not Made Even A Modest Factual Showing
Of A Common Policy Or Practice Of Time Shaving Against
All Non-Exempt Employees At Three Different Restaurants**

a.   **Plaintiff's Motion Is Based Solely On Conclusory Allegations,
Claims That Are Proved False By His Own Exhibit, And Two
Hearsay Allegations That Have Been Denied By The Alleged Speakers**

Plaintiff's alternative basis for certification of the Overbroad Employee Group as an

FLSA collective is a groundless allegation that the entire Overbroad Employee Group is

similarly situated because they were all subject to time shaving.[26]   First and foremost, "time

shaving" is a highly individualized allegation not conducive to an FLSA class.[27]  Plaintiff would

have to show that there was an actual practice or policy of shaving time from all employees,

which is not the case here, and which he cannot do.[28]

Moreover, Plaintiff's claim that he is similarly situated to the entire Overbroad

Employee Group due to "time shaving" is based solely on the limited, unsupported, non-specific,

conclusory statements and hearsay that has been denied by the alleged speakers.   They do not

actually show (even under the minimal requirements for conditional certification) a common

---

[25] Plaintiff has not requested certification of a smaller collective or subgroups, and therefore any such certification should not be granted *sua sponte*.  *See Becerra*, 2016 U.S. Dist. LEXIS 21090, at *15 (rejecting Plaintiff's suggestion that the court should have *sua sponte* certified a narrower collective than sought by the plaintiff).

[26] P's Mem. § III.B.

[27] *See, e.g.*, *DeSilva v. N. Shore-Long Island Jewish Health Sys. Inc*, 27 F. Supp. 3d 313, 325 (E.D.N.Y. 2014) ("When the employer's defenses are highly individualized as to each Plaintiff, 'this factor weighs heavily against proceeding . . . as [an FLSA] collective action.'"), *quoting Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456, 467-68 (S.D.N.Y. 2011); *Vasquez*, 2011 U.S. Dist. LEXIS 74376, at *10-11 (denying conditional certification in part because determination of the exempt or non-exempt status of the proposed class would require a case-by-case assessment).

[28] Munoz Decl. at  ¶¶  5 & 6; Garcia Decl. at ¶¶ 4 & 8; Zamora Decl. at ¶¶ 6 & 7; De Olivera Decl. at ¶¶  6 & 9; Ali Decl. at  ¶¶ 6 & 7; Arreno Decl. at  ¶¶ 3 & 5; Emicente Decl at  ¶¶ 7 & 9.

unlawful practice applicable to the entire Overbroad Employee Group – all nonexempt employees in all job classifications including tipped customer-facing employees and back-of-the-house kitchen staff, at three different restaurants.  Therefore, the Overbroad Employee Group should not be certified as an FLSA collective.[29]

Plaintiff's motion is based on the following insufficient claims:

(1)     A conclusory statement that "all employees, including but not limited to cooks, line-cooks, dishwashers, food prepares, porters, runners, bussers, waiters, barbacks, and bartenders employed by Defendants" at three different restaurants were subject to the same wage and hour policies as he;[30]

This claim is a conclusory allegation that cannot form the basis for the required modest factual showing.[31]   It contains no specifics of any discussions with any employees at all. Therefore, it is legally insufficient to establish a factual nexus or that the Overbroad Employee Group is similarly situated.[32]

(2)     A claim that he "spoke" to five individuals regarding Defendants' policies;[33]

This claim, at best, shows that he spoke to employees about Defendants' policies, but it does not indicate specifically what was discussed.  It does not claim that they discussed alleged

---

[29] *See, e.g., Ji v. Jling Inc.*, No. 15-CV-4194 (JMA) (SIL), 2016 U.S. Dist. LEXIS 66013, at *4-5 (E.D.N.Y. May 19, 2016) (denying the plaintiff's motion for conditional certification of all non-managerial employees of the defendants' three restaurant locations based on the unsupported assertions and conclusory allegations contained in the plaintiff's declaration); *Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *5 (holding that the plaintiff's affidavit was too "unsupported" and "generalized" to support certification of a collective including "all tipped employees, at three restaurants"); *Trinidad*, 962 F. Supp. 2d at 557-58 (rejecting conditional certification for twenty-seven of the defendants' thirty-three New York City stores based on the plaintiffs' inability to "demonstrate[] across all locations a uniform policy of failure to pay overtime compensation").

[30] Morales Decl. ¶ 3.

[31] *Bittencourt*, 310 F.R.D. at 111-12 (quoting *Myers*, 624 F.3d at 555).

[32] *See, e.g., Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-CV-60, 2013 U.S. Dist. LEXIS 130673, at *15 (E.D.N.Y. Sep. 12, 2013) (denying a motion for conditional certification from a single plaintiff based on a time-shaving claim and submitting only the plaintiff's own declaration that does not "detail the precise mechanisms by which she observed any other clerk being injured.")(internal quotations omitted).

[33] Morales Decl. ¶ 3.

time shaving or any other unlawful practice common to all of them.  Besides the fact that all of the five employees to whom he has spoken have denied having any such conversation[34], simply speaking to other employees about pay practices has no bearing on whether or not they are similarly situated with respect to an alleged common unlawful scheme of time shaving.

        (3)    A claim that "throughout" his employment he regularly worked at least 28 hours per week but was paid for only "around" 24 hours per week;[35]

This claim is, at best, a statement about Plaintiff's own individual claim.  It has no bearing on whether or not he is similarly situated to any other employees.  Interestingly, this statement in Plaintiff's declaration is different than the allegation he made in the Complaint.  In the Complaint, Plaintiff claims that "he typically worked 28 hours per week, 7 hours per day, for 4 days a week, but was only paid for 24 hours a week,"[36] while in his declaration, Plaintiff claims that he "regularly worked at least 28 hours per week, but was paid only for around 24 hours per week" (emphasis added)[37].  Which is it?  Regardless, Exhibit B to Plaintiff's own Memorandum shows that Plaintiff was paid for 30, 30, 24, 16, 34 and 32 hours during his brief six-week employment at Supper – he was paid well over 24 hours for the majority of the weeks and was not "regularly" or "typically" paid for only 24 hours.  More importantly, his individual concerns over his pay in no way show a common practice of time shaving or that anyone else is similarly situated.

        (4)    A claim that he was "never" allowed to clock in or out;[38]

Similarly, Claim 4 is, at best, a personalized allegation that does not show any common practice.  This allegation provides no specifics about where or when Plaintiff was allegedly

---

[34] Zamora Decl. at ¶ 7; Munoz Decl. at ¶ 6; Arreno Decl. at ¶ 3; De Olivera Decl. at ¶ ; Emicente Decl. at ¶ 4.
[35] Morales Decl. at ¶ 4.
[36] Class and Collective Action Compl. ¶ 25.
[37] Morales Decl. ¶ 3.
[38] Id. at ¶¶ 4 & 7.

barred from clocking in or out, and more importantly, it provides no evidence about any other

employees.  Indeed, the declarations submitted by Defendants show that employees at Supper do

clock in and out and there is no unlawful common practice or policy regarding time recording.[39]

(5)     Conclusory and non-specific claims that "other employees" at all three restaurants
        "frequently" worked in excess of hours for which they were paid;[40] that he and
        other bussers and servers were required to come in early and were not
        compensated for such work;[41] and unnamed "co-workers" would frequently
        discuss Defendants' "illegal pay practices."[42]

All of these claims are conclusory and lack any specifics or details.  Plaintiff does not

mention a single specific circumstance in which any other employee worked in excess of the

hours for which they were paid or came in early and was not paid for such time.  Plaintiff does

not identify the "other employees," "co-workers" or "bussers and servers" referenced in these

statements, or at which restaurant they worked, and he does not state when any such alleged

conversations took place.  However, the declarations submitted by Defendants actually show that

employees at Supper were paid for all hours worked.[43]   Simply throwing out conclusory

statements about unnamed co-workers with no details does not constitute even a modest factual

showing the Overbroad Employee Group are all similarly situated.

(6)     A claim that he spoke to "Ernesto" about "Defendants'" illegal pay practices, that
        "Ernesto emphasized the fact that he is not getting paid for all the hours he
        actually works," and that he compared his compensation with Ernesto and Martin
        and they were all frustrated that they were not being paid properly[44]

---

[39] Arreno Decl. at ¶ 5;  De Olivera Decl. at ¶ 9; Munoz Decl. at ¶ 5; Balasa Decl. at ¶ 5; Garcia
Decl. at ¶ 8; Ali Decl. at ¶ 6; Zamora Decl. at ¶ 6; Emicente Decl. at ¶9.
[40] Morales Decl. at ¶ 4.
[41] *Id*. at ¶ 5.
[42] *Id*. at ¶ 16.
[43] *Id*. ¶¶ 6 & 16.
[44] *Id*. at ¶ 6.  Plaintiff also makes several statements about wage and hour notices and wage
statements, but Plaintiff's Complaint does not contain a cause of action based on wage
statements or wage notices and therefore these statements in Plaintiff's declaration are irrelevant
to the motion at hand.  In addition, Plaintiff alleges a conversation with "Martin" about David's

Finally, these claims are uncorroborated hearsay denied by the alleged speakers. Indeed, Hilario "Ernesto" Zamora has specifically denied making the statements attributed to him by Plaintiff.[45] So too has Porfirio "Martin" Emicente.[46]

Although hearsay statements are generally acceptable in a motion for conditional FLSA certification, hearsay statements that have been denied by the purported speaker do not constitute factual support for a motion for conditional certification.[47] Moreover, even if this claim is accepted as "evidence" that Martin made a statement to Plaintiff about his own pay concerns, such statement by another busser does not show there is a common unlawful practice or policy among all nonexempt employees in all roles at three different restaurants. Both Martin and Plaintiff were bussers at Supper, and any statements they make about alleged time shaving of their own pay is not evidence of a common unlawful time shaving practice across the entire Overbroad Employee Group.

Indeed, an allegation of time shaving is by its very nature an individualized issue. Plaintiff has pointed to no actual policy or common practice indicating that any alleged shaving of his own time was applied to any other employees. Moreover, Defendants have submitted declarations from several Supper employees proving that there is no common policy or practice of not paying employees for all time worked, as all of Defendants declarants state that they clock

---

participation in the tip pool (Morales Decl. ¶ 9). The lack of a basis for certifying a class of the Overbroad Employee Group with respect to tip pool allegations is addressed in Section I above.

[45] Zamora Decl. at ¶ 7.

[46] Emicente Decl. at ¶ 7.

[47] *See, e.g.*, *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (denying conditional certification based, in part, on a hearsay statement that has been rebutted by the declarant); *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, No. 05-Civ. 6319, 2005 U.S. Dist. LEXIS 28884, at *3-4 (S.D.N.Y. Nov. 18, 2005) (denying a motion for conditional certification of a broad class based on limited anecdotal hearsay from the plaintiff).

in and out and are paid for all hours that they work.[48]   Therefore, Plaintiff has not made even a

modest factual showing that he is similarly situated to the entire Overbroad Employee Group.

>       b.   **Even If Plaintiff Has Shown That He Is**
>            **Similarly Situated To Some Other Employees At Supper,**
>            **Plaintiff Has Not Made Even A Modest Factual Showing That**
>            **The Entire Overbroad Employee Group Is Similarly Situated**

Plaintiff has provided no specific statements about any conversations, practices or

policies with respect to any restaurant other than Supper.  At most, Plaintiff claims that he "was

required by Defendants to bring supplies and pick up liquor at Defendant's other restaurants,"

but he does not state that he spoke to any employees at any restaurant other than Supper or has

any specific knowledge of the pay practices or policies at Frank Restaurant or Lil Frankie's.

Plaintiff has thus provided no factual nexus between himself and anyone at Frank Restaurant or

Lil Frankie's.  Courts have not hesitated to deny conditional certification where the plaintiff

seeks to certify a class comprising of employees working at other store locations of which the

plaintiff has no personal knowledge and cannot therefore testify as to the employment practices

at such other locations.[49]

Plaintiff may be trying to claim that Ernesto worked at Frank Restaurant and Lil

Frankie's and he spoke to Ernesto about "Defendants' illegal pay practices," conveniently

without specifying which restaurant they allegedly discussed.  But Ernesto never worked at

---

[48] Emicente Decl. at ¶ 9; Arreno Decl. at ¶ 5; De Olivera Decl. at ¶ 9;  Zamora Decl. at ¶ 6;
Munoz  Decl. at ¶ 5; Ali Decl. at ¶ 6.

[49] *See, e.g.*, *Sharma*, 52 F. Supp. 3d at 458 (denying conditional certification of a statewide class
because the plaintiff's "lack of knowledge of any pay violations at other New York stores[]
do[es] not warrant a finding that [sales associates] at all New York stores are similarly situated to
the [p]laintiffs"); *Trinidad*, 962 F. Supp. 2d at 558 (denying conditional certification of a
citywide class because the plaintiffs had "not demonstrated across all locations a uniform policy
of failure to pay overtime compensation"); *Laroque*, 557 F. Supp. 2d at 355 (denying conditional
certification  of a class including employees at other locations because the plaintiffs' support for
the class was merely "a hearsay statement that ha[d] been rebutted by the declarant").

Frank Restaurant and only worked at Lil Frankie's well before Plaintiff worked at Supper.[50]

Plaintiff does not claim to have spoken to Ernesto about pay practices at Lil Frankie's and

Ernesto knows nothing of pay practice at Lil Frankie's since he left there approximately two

years ago.[51]  In addition, Ernesto denies having spoken to Plaintiff about any illegal pay practices

or that he was not getting paid for all hours worked.[52]  One non-specific, hearsay allegation that

has been rejected by the alleged speaker does not constitute even a modest factual showing that

Plaintiff is similarly situated to all employees (tipped and nontipped) at Frank Restaurant and Lil

Frankie's.[53]

   Moreover, Plaintiff alleges no specific statements, policies or practices with respect any

of the back-of-the-house kitchen staff at Supper.  Much of Plaintiff's claims seem to be about the

tip pool at Supper, and yet he seeks a collective including non-tipped kitchen staff.  With no

details or specifics, Plaintiff claims that Ernesto was a cook, but he does not even provide a

conclusory claim that he spoke to Ernesto about pay practices for kitchen staff.  According to his

own declaration, Ernesto was not a cook.[54]  The court should not certify the Overbroad

Employee Group as an FLSA collective because Plaintiff has provided no basis to certify as an

FLSA collective the outrageously broad collective he is seeking.[55]

---

[50] Zamora Decl. ¶¶ 2&3.
[51] *Id*.
[52] Id. at ¶ 7.
[53] *See, e.g.*, *Guaman v. 5 "M" Corp.*, No. 13 Civ. 03820, 2013 U.S. Dist. LEXIS 152379, at *3 (S.D.N.Y. Oct. 23, 2013) (granting the plaintiff's motion for conditional certification for the one physical location he worked at, but refusing to include the three other locations at which the plaintiff did not work).
[54] Zamora Decl. ¶ 2.
[55] *See, e.g.*, *Valerio*, 314 F.R.D. at 71 (denying a motion for conditional certification of a broad class of employees in varied job titles at multiple locations where the evidence provided only supported a class consisting of relevant laborers at the locations at which the plaintiffs worked); *Whorley v. Jonrocman 930, LLC*, No. 14-cv-1239, 2015 U.S. Dist. LEXIS 76580, at *6-7 (S.D.N.Y. June 8, 2015) (refusing to certify an FLSA collective beyond wait staff because

III.   **Plaintiff's Proposed Notice**

Because conditional certification should be denied, the Court should not authorize the sending of the notice attached as Exhibit A to Plaintiff's Memorandum of Law (the "Proposed Notice") or in any other form.[56]   However, if the Court does grant conditional certification, the Proposed Notice should be edited as follows:

a.   **The Notice Should Only Go Back Three Years**

The statute of limitations for FLSA claims is two years, or three years for a willful violation.[57]   The Proposed Notice is addressed to nonexempt employees who worked at any time between April 4, 2011 – six years prior to the filing of the Complaint – and the present.   Your Honor has held that that notice for an FLSA collective should only go back three years, and therefore the Proposed Notice should be changed to April 4, 2014 to the present.[58]

b.   **Defendants' Position Should Be Expanded**

The Proposed Notice states, "Defendants deny that the Plaintiff's claims have merit." Defendants request that if sending a notice is allowed – which it should not be – that sentence be amended to, "Defendants deny all claims against them and maintain that they have complied

---

Plaintiff, a waiter, provided "little to no information regarding individuals who performed other job functions at defendants' restaurant, and as such, the Court cannot conclude that there is evidence that plaintiff is similarly situated to 'all non-exempt hourly employees'"); *Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 564-65 (S.D.N.Y. 2015) (holding that courts in this district usually require a job-specific factual showing to certify a collective of people in positions different than that of the plaintiff) (collecting cases).
[56] *See*, *e.g.*, *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 201 (S.D.N.Y. 2006) (noting that court-authorized notice is appropriate when a plaintiff has demonstrated that he and potential plaintiffs are similarly situated).
[57] 29 U.S.C. § 255.
[58] *See*, *e.g.*, *Hoffman v. Ighodaro*, Nos. 16 Civ. 0155, 16 Civ. 4380, 2016 U.S. Dist. LEXIS 179909, at *7-8 (S.D.N.Y. Dec. 29, 2016) (denying plaintiff request for notice going back 6 years) (Francis, J.).

with the FLSA. Defendants deny that you are entitled to any of the liquidated damages, back pay, retained tips, court costs, or attorney's fees sought."[59]

### c.  Other Changes To The Notice Language

References to "illegally retained tips" should be changed to "alleged improperly retained tips" as there has been no finding of any unlawful activity with respect to any tip pool and the statement as written is confusing to potential op-in class members.

In addition, the first two sentences under "Your Legal Rights" should combined and amended to state, "If you worked for Defendants as a nonexempt employee at any time between April 4, 2014 and the present, and you believe that you may be able to assert any of the claims described above, you have the right to participate in this lawsuit."  Potential opt-in members should only opt-in if they believe they have a claim.  Without such language, employees will mistakenly believe that they can join even if they know they have not been damaged.  This language has been judicially-approved in other cases.[60]

### IV.  Discovery of Names, Addresses and Telephone Numbers

Because the Court should deny the motion for conditional certification for the reasons set forth above, the Court should also deny Plaintiff's request for names and contact information of

---

[59] *See Viriri v. White Plains Hosp. Med. Ctr.*, No. 16-CV-2348 (KMK), 2017 U.S. Dist. LEXIS 88226, at *32-33 (S.D.N.Y. June 8, 2017).

[60] *See, e.g.*, *Pollock v. Legends Hospitality, LLC*, No. 12 Civ. 8334, 2013 U.S. Dist. LEXIS 106484, at *10 (S.D.N.Y. July 25, 2013) (approving a notice with the sentence, "This Notice is meant to advise you of your right to participate in this lawsuit as a claimant and plaintiff under the Fair Labor Standards Act *if you believe that you were underpaid by the Defendants*) (emphasis added); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265, 2012 U.S. Dist. LEXIS 76660, at *7-8 (S.D.N.Y. June 1, 2012) (approving a notice with the sentence, "If you worked as a tipped employee for Defendants at any time between January 13, 2009 to the present *and you believe that you may be able to assert any of the claims described above*, you have the right to participate in this lawsuit") (emphasis added); *Agudelo v. E & D LLC*, No. 12 CV 0960, 2012 U.S. Dist. LEXIS 160510, at *4 (S.D.N.Y. Nov. 5, 2012) (approving a notice with the sentence, "If you worked as a define for Defendants at any time between February 7, 2009 to the present *and you believe that you may be able to assert any of the claims described above*, you have the right to participate in this lawsuit") (emphasis added).

16

alleged potential collective members.  If the Court does grant conditional certification – which it should not do – Defendants do not object to disclosing names, addresses, telephone numbers, email addresses and dates of employment of potential class members.  Defendants do, however, object to disclosing social security numbers, titles and compensation rates.  Courts routinely reject requests for social security numbers due to privacy concerns.[61]  Moreover, the purpose of any contact information disclosure is to facilitate distribution of a notice.  Plaintiff does not explain how the production of titles and compensation rates are relevant to ensuring that potential collective members receive the notice, because it is not relevant.  Therefore, such production should not be required at this time.

## V.  Equitable Tolling

Plaintiff asks that equitable tolling be granted if the Court grants the motion for conditional certification.    Again, because the motion for conditional certification of the Overbroad Employee Group should be denied, the issue of equitable tolling is moot.   If, however, the Court grants conditional certification, equitable tolling is not appropriate.

The basic, well-settled rule is that the FLSA statute of limitations runs until an opt-in plaintiff files a written consent to join the lawsuit.[62]  Plaintiff now seeks an exception to the general rule in the form of equitable tolling because of the routine passage of time between his filing of a motion for conditional certification and the Court's ruling on the motion.   "The

---

[61] *See*, *e.g.*, *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2015 U.S. Dist. LEXIS 153730, at *10-11 (S.D.N.Y. Nov. 12, 2015) ("Courts in this District generally have declined to compel production of non-party employees' social security numbers in FLSA actions—especially at this early stage—based on privacy concerns.").

[62] *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 278 (E.D.N.Y. 2013); *see also Sanchez v. El Rancho Sports Bar Corp.*, No. 13 Civ. 5119, 2014 U.S. Dist. LEXIS 66234, at *16 (S.D.N.Y. May 13, 2014) (citing *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012), citing 29 U.S.C. § 256(b).

Second Circuit has held, however, that 'equitable tolling is only appropriate in [ ] rare and exceptional circumstance[s] in which a party is prevented in some extraordinary way from exercising his rights.'"[63]  Plaintiff has made no showing of a "rare and exceptional" circumstance warranting equitable tolling.  And the District Court cases cited by Plaintiff are squarely rebutted by the Second Circuit – there is nothing "rare or exceptional" about them, and therefore equitable tolling is not appropriate here.

---

[63] *Sanchez*, 2014 U.S. Dist. LEXIS 66234, at *16-17 (citing *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alterations in original)).

**CONCLUSION**

As shown above, Plaintiff has failed establish even the modest factual showing necessary for conditional certification of a multi-job-category, tipped and non-tipped, front-of-the-house and back-of-the-house, multi-restaurant FLSA collective.   The evidence submitted squarely rebuts any possible inference of a common policy or practice sufficient to warrant an FLSA collective of the Overbroad Employee Group – because no such policy or practice exists. Defendants respectfully request that this Court deny Plaintiff's motion for conditional certification of the Overbroad Employee Group as an FLSA collective and deny Plaintiff's other requests.


Dated: July 27, 2017                              DAVIS & GILBERT LLP
       New York, New York

                                                  By: s/ Gregg Brochin_____
                                                      Gregg Brochin
                                                      Nirupama S. Hegde
                                                      1740 Broadway
                                                      New York, New York  10019
                                                      Tel: (212) 468-4800
                                                      Fax: (212) 468-4888
                                                      gbrochin@dglaw.com

                                                      *Attorneys for Defendants*

19