```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
FRANCISCO SILVERIO HUERTERO-        :    17 Civ. 2429 (JCF)
MORALES, on behalf of himself,      :
FLSA Collective Plaintiffs and the  :    MEMORANDUM
Class,                              :    AND  ORDER
                                    :
              Plaintiff,            :
                                    :
       - against -                  :
                                    :
RAGUBOY CORP. d/b/a SUPPER,         :
KITCHEN TABLE, INC. d/b/a FRANK,    :
JUST AN OVEN CORP. d/b/a LIL        :
FRANKIE'S and FRANK PRISINZANO,     :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -:
```



JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

　　　Francisco Silverio Huertero-Morales brings this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law, N.Y. Lab. Law § 650 et seq., seeking compensation for wage violations allegedly committed by his employer, Raguboy Corp. -- which does business as three different restaurants: Supper Kitchen Table, Inc. ("Supper"); Frank, Just an Oven Corp. ("Frank"); and Lil Frankie's -- and Frank Prisinzano, the Chief Executive Officer of Raguboy Corp. The plaintiff moves for an order conditionally certifying an FLSA collective action pursuant to 29 U.S.C. § 216(b). For the reasons set forth below, the motion is denied.

Background

Mr. Huertero-Morales worked as a busser at Supper from January 2017 to March 2017. (Complaint, ¶ 24; Declaration of Francisco Silverio Huertero-Morales dated June 15, 2017 ("Huertero-Morales Decl."), ¶ 1). He was paid $7.50 per hour. (Complaint, ¶ 26; Huertero-Morales Decl., ¶ 8; Employee Earnings Record of Frank Huertero ("Employee Earnings Record"), attached as Exh. B to Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification ("Pl. Memo."), at 2). His pay records do not account for tips he received above his base salary. (Employee Earnings Record at 2). He alleges that he received tips from a "tip pool," but that the tip pool was tainted because a manager named David, who did not wait tables or otherwise assist customers, participated in it. (Complaint, ¶ 30; Huertero-Morales Decl., ¶¶ 9, 11-12).

Mr. Huertero-Morales also alleges that although he worked twenty-eight hours per week, he was only paid for twenty-four hours of work, and the defendants did not allow him to clock in or clock out to track his hours. (Complaint, ¶ 25; Huertero-Morales Decl., ¶ 4). His pay records, however, indicate that he was paid for at least thirty hours of work in four of the six weeks that he worked for the defendants. (Employee Earnings Record at 2). Still, he alleges that other employees at all three restaurants frequently worked hours for which they were not paid. (Huertero-Morales

2

Decl., ¶¶ 4-5).  Specifically, he alleges that "Ernesto," his former roommate who worked as a food runner, bartender, and cook at all three restaurants, told him that he was not paid for all of the hours that he worked.  (Huertero-Morales Decl., ¶ 6).

The plaintiff seeks conditional certification of an FLSA collective action comprising all non-exempt employees, including cooks, line-cooks, dishwashers, food preparers, porters, runners, bussers, waiters, barbacks, and bartenders, at all three restaurants.  (Pl. Memo. at 1).  The defendants oppose the motion on the ground that the plaintiffs have failed to demonstrate that the prospective collective action members are similarly situated to the plaintiff with respect to a common policy or practice that violates the FLSA.

Discussion

    A.    Conditional Certification

        1.    Standard

An FLSA plaintiff may elect to seek certification of a collective action, a process that consists of two stages.[1]  Jeong

---

[1] The plaintiffs argue that the Court should follow Turner v. Chiptole Mexican Grill, Inc., 123 F. Supp. 3d 1300 (D. Colo. 2015). (Pl. Memo. at 12-18).  The Turner court found that the two-step process is inappropriate and that allowing simple permissive joinder is the correct approach to Section 216(b) collectives. Turner, 123 F. Supp. 3d at 1305-09.  But the plaintiffs also explicitly recognize that this is contrary to long-established practice in the Second Circuit.  (Pl. Memo. at 13); see, e.g., Gomez v. Terri Vegetarian LLC, No. 17 Civ. 213, 2017 WL 2628880, at *1 n.1 (S.D.N.Y. June 16, 2017); Augustyniak v. Lowe's Home

Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013).  At the first stage -- the current stage of this litigation -- the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred.'"  Garcia v. Chipotle Mexican Grill, Inc., No. 16 Civ. 601, 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016) (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  Agerbrink v. Model Services LLC, No. 14 Civ. 7841, 2016 WL 406385, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting Myers, 624 F.3d at 555)).  At that point, the district court typically looks to the "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]."  Id. (alteration in original) (quoting Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011)).

The standard at the first stage is not stringent.  All that

---

Center, LLC, No. 14 CV 488, 2016 WL 462346, at *2 (W.D.N.Y. Feb. 8, 2016).  Accordingly, I decline to apply Turner.

4

is required is a "'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'" Fernandez v. Sharp Management Corp., No. 16 Civ. 551, 2016 WL 5940918, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting Cardenas v. AAA Carting, No. 12 Civ. 7178, 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)); accord Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 111 (S.D.N.Y. 2015). While the burden is low, "certification is not automatic." Raniere v. Citigroup Inc., 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2011), rev'd on other grounds, 553 F. App'x 11 (2d Cir. 2013). "Conclusory allegations are not sufficient to support a motion for conditional collective action certification." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016).

To meet this burden, the plaintiff's own declaration or the declarations of other potential class members are sufficient. Trinidad v. Pret a Manger (USA) Ltd., 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). Indeed, courts have granted motions for conditional certification where only one plaintiff submitted a declaration. See Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc., No. 12 Civ. 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012); Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 82-84 (E.D.N.Y. 2008). A court "need not evaluate the underlying merits of a plaintiff's claims to determine whether the

5

plaintiff has made the minimal showing necessary for court-authorized notice," Damassia v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006), nor "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," Cunningham v. Electronic Data Systems Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting Lynch v. United Services Automobile Association, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

    2.    Application

The plaintiff's FLSA claims are based on (1) failure to pay the statutory minimum wage; (2) illegal retention of tips in the tip pool; and (3) failure to pay wages for all hours worked due to time shaving. (Pl. Memo. at 1). The plaintiff makes no factual showing that he and other employees were similarly situated with respect to unpaid minimum wages or illegally retained tips. The FLSA minimum wage was $7.25 per hour throughout the plaintiff's employment. 29 U.S.C. § 206(a)(1). However, he alleges that he was paid $7.50 per hour, and does not allege that any other employees were paid below $7.25 per hour. (Complaint, ¶ 26; Huertero-Morales Decl., ¶ 8; Employee Earnings Record). Thus, the plaintiff has not alleged that he or other employees were paid below the federal minimum wage. Conditional certification of his unpaid minimum wage claim is denied.

The plaintiff's claim for illegally retained tips in the tip

pool fails for the same reason.  "[A]n employer's failure to abide by the requirements the FLSA sets for tip-pooling violates the FLSA only if, without the tip credit, the employee's compensation would fall short of the minimum wage." Trinidad, 962 F. Supp. 2d at 560; see also Azeez v. Ramaiah, No. 14 Civ. 5623, 2015 WL 1637871, at *7 (S.D.N.Y. April 9, 2015).  Because the plaintiff presents no facts that he or any other employees were paid below the federal minimum wage, conditional certification of his claim for illegally retained tips in the tip pool is also denied.

Finally, the plaintiff's factual showing is insufficient to warrant conditional certification of a collective action based on time shaving.  As an initial matter, the plaintiff's own time shaving allegation is internally inconsistent.  While he asserts that he routinely worked twenty-eight hours per week but was only paid for twenty-four hours of work (Complaint, ¶ 25; Huertero-Morales Decl., ¶ 4), his pay records indicate that he was paid for at least thirty hours of work in four of the six weeks that he worked for the defendants (Employee Earnings Record).

Even without this defect, the plaintiff makes nothing more than general and conclusory assertions that other employees were similarly situated with respect to a common policy or practice of time shaving.  In his declaration, he states that "other employees . . . frequently worked in excess of hours that they were paid for" and that "other bussers and servers[] were required to come

7

in early" but "were never compensated for those hours." (Huertero-Morales Decl., ¶¶ 4-5). These assertions are entirely unsupported. Although the plaintiff states that he spoke with five other employees, whom he identifies by first name, about the defendants' pay policies, he does not state that any of those employees other than Ernesto told him that they experienced time shaving. (Huertero-Morales Decl., ¶¶ 3, 6). Moreover, the plaintiff fails to state when or at what restaurant the time shaving alleged by Ernesto occurred, let alone when or where his conversation with Ernesto occurred; he simply states that Ernesto told him that he was "not getting paid for all the hours he actually work[ed]."[2]

---

[2] The defendants submit a considerable number of affidavits from customers and other employees of the defendants' restaurants refuting the allegations made in the plaintiff's declaration, including an affidavit from Ernesto stating that he never spoke to the plaintiff about the defendants' pay policies and that he was in fact paid for all of the hours that he worked. (Declaration of Hilario Zamora dated July 19, 2017, ¶¶ 1, 6-7). The plaintiff counters that considering these affidavits is inappropriate on a motion for conditional certification. (Reply Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective Certification at 1-7). Although courts in this Circuit generally hold that considering affidavits submitted by a defendant opposing conditional certification wades inappropriately into the merits of a plaintiff's claims, see Jeong Woo Kim, 985 F. Supp. 2d at 446 (collecting cases), at least one court has discounted a hearsay statement presented by a plaintiff where the defendant submitted an affidavit from the declarant disputing that he made the statement, see Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008). Other courts, however, have taken the contrary position. See, e.g., Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 665 (S.D.N.Y. 2013) (declining to consider hearsay declarant's denial that he made statement regarding a common illegal policy at the defendants' businesses); Capsolas v. Pasta Resources, Inc., No. 10 Civ. 5595, 2011 WL 1770827, at *3 (S.D.N.Y.

8

(Huertero-Morales Decl., ¶ 6).

Yet "information regarding 'where or when [a plaintiff's] observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.'" Mata v. Footbridge LLC, No. 14 Civ. 8754, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) (second alteration in original) (quoting Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014)). The plaintiff has failed to provide such information here, stating that other employees suffered from time shaving in only the most general terms and with scant factual support.  While a single affidavit from a plaintiff can on its own merit conditional certification, conditional certification is not appropriate where a plaintiff "provides no details about [his] conversations [with other employees] and provides no affidavits from any other employees corroborating [his] claims."  Eng-Hatcher v. Sprint Nextel Corp., No. 07 Civ. 7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009); see also Sanchez, 2014 WL 465542, at *2 (denying conditional certification where employee provided first names of five employees he spoke to about the defendant's pay policies but failed to provide "any detail as to a single [] observation or

---

May 9, 2011) (same).  This issue need not be resolved, as the plaintiff has failed to make the modest factual showing required for conditional certification in the first instance.

conversation"); Jin Yun Zheng v. Good Fortune Supermarket Group (USA), Inc., No. 13 CV 60, 2013 WL 5132023, at *5 (E.D.N.Y. Sept. 12, 2013) (denying conditional certification where plaintiff's declaration provided "nothing more than anonymous hearsay statements that other employees suffered from the same time-shaving policy as did she"). Conditional certification of the plaintiff's time shaving claim is therefore denied.

Conclusion

For the reasons set forth above, the plaintiff's motion for conditional certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b) (Docket no. 25) is denied.

SO ORDERED.

*[signature]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         September 12, 2017

Copies transmitted this date:

C.K. Lee, Esq.
Anne M. Seelig, Esq.
Lee Litigation Group, PLLC
30 E. 39th St., 2nd Floor
New York, NY 10016

10

Gregg L. Brochin, Esq.
Nirupama S. Hegde, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019