# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between FRANCISCO SILVERIO HUERTERO-MORALES ("CLAIMANT" or "Plaintiff"), and RAGUBOY CORP. d/b/a SUPPER, KITCHEN TABLE, INC. d/b/a FRANK, JUST AN OVEN CORP. d/b/a LIL FRANKIE'S and FRANK PRISINZANO (collectively the "COMPANY" or "Defendants"), (CLAIMANT and the COMPANY are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of 12/13, 2017.

### RECITALS

A.   WHEREAS, on or about April 4, 2017, CLAIMANT filed an action (the "Action") against COMPANY alleging, *inter alia*, that COMPANY failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-2429;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, COMPANY admits no wrongdoing, nor any liability with respect to CLAIMANT'S allegations;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.   <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. CLAIMANT agrees that he will not seek any further consideration from COMPANY, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.   <u>Settlement Compensation and Release.</u>

COMPANY agrees to pay CLAIMANT the settlement amount of $6,000.00 (the "Settlement Payment") as follows:

> Within two weeks after the execution of the Settlement Agreement, COMPANY shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016 (or any other address provided by CLAIMANT'S counsel), a certified check in the amount of $6,000.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

Of the Settlement Payment, $3,733.34 shall be allocated to CLAIMANT, $1,866.66 shall be allocated as attorneys' fees and $400 shall be allocated as attorneys' costs.

If the payment is not timely made, subject to a ten-day grace period, Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, and accruing from the date such balance is due.

CLAIMANT shall cause CLAIMANT's counsel to provide COMPANY with a complete IRS Form W-9 at the time CLAIMANT provides COMPANY with a signed copy of this Settlement Agreement.

CLAIMANT's counsel shall hold the payment in escrow pending dismissal of the Action with prejudice. If the Action is not dismissed with prejudice, CLAIMANT's counsel shall return the payment to the COMPANY and this Agreement shall be null and void *ab initio*.

For and in consideration of the payments provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, CLAIMANT, on behalf of himself and his heirs, administrators, executors, assigns, and anyone else who could claim by and through him, fully, finally, irrevocably and forever releases and discharges COMPANY, and their direct and indirect parents, subsidiaries, divisions, predecessors, successors, together with their respective past, present and future officers, directors, partners, shareholders, managers, supervisors, employees, attorneys, insurers, and representatives (hereafter collectively referred to as the "Releasees") with respect to himself only, from federal and New York State wage and hour claims of any kind, including but not limited claims for failure to pay minimum wage, failure to pay overtime, failure to provide a wage notice, failure to provide wage statements, failure to pay for all hours worked, and liquidated damages, penalties, attorneys fees and any other damages or recovery of any kind related to any wage or hour law, regulation, wage order or rule, which CLAIMANT has or may have against COMPANY, whether asserted in this action or not. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue 1099 forms to Plaintiff.

3.  <u>Cooperation</u>. CLAIMANT and COMPANY mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action to any government agency, in response to a subpoena or other legal process or as otherwise required or protected by applicable law.

4.  <u>Voluntary Dismissal With Prejudice</u>. Upon the execution of this Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice in the Action and seek the Court's approval of the settlement.

5. <u>CLAIMANT's Responsibility for Taxes</u>. CLAIMANT assumes full responsibility for the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by CLAIMANT under any law of any kind with respect to the Settlement Payment.

6. <u>Miscellaneous</u>. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties. This Settlement Agreement does not constitute an admission by COMPANY or any other of the Releasees that they have engaged in any unlawful act, and COMPANY and the other Releasees deny liability for all claims CLAIMANT had, has or may have against them. No Settling Party, nor any of the Settling Parties' respective attorneys, shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. No language in this Settlement Agreement shall be presumptively construed in favor of or against any of the Parties to this Agreement based solely on who drafted such language. This Settlement Agreement may be executed in counterparts. Such counterparts, when taken together, shall constitute the agreement between the Settling Parties. Electronic and fax copies of such signed counterparts may be used in lieu of the originals of this Settlement Agreement for any purpose.

7. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[REST OF PAGE LEFT INTENTIONALLY BLANK]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
Francisco Silverio Huertero-Morales

**Raguyboy Corp.**

By: _____
    Name:
    Title:

**Kitchen Table, Inc.**

By: _____
    Name:
    Title:

**Just an Oven Corp.**

By: _____
    Name:
    Title:

_____
**Frank Prisinzano**

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
**Francisco Silverio Huertero-Morales**

**Raguyboy Corp.**

By: *FRANK PRISINZANO*  /s/ *Prisinzano*
Name:
Title: OWNER

**Kitchen Table, Inc.**

By: /s/ *Prisinzano*
Name: FRANK PRISINZANO
Title: OWNER

**Just an Oven Corp.**

By: /s/ *Prisinzano*
Name: FRANK PRISINZANO
Title:

/s/ *Prisinzano*
**Frank Prisinzano**